Within a few hours of the expiration of the time fixed by law within which a petition requesting a designation or grouping of candidates for city commissioner must be filed with *Page 540 
the clerk of the city of Newark where an election is to be held May 11th, next, the defendants A. Daniel Scipio and May Franklin (brother and sister), filed with the clerk their petition with the designation "Citizens' Ticket." Shortly thereafter, complainants presented their petition requesting that their candidacies be grouped and designated as "Citizens' Ticket."
Complainants now present their bill of complaint praying that the defendants Scipio and Franklin be enjoined from the use of such designation, and the municipal clerk enjoined from placing such designation opposite their names on the ballot.
The defendants having been served with notice of the time and place for hearing, upon the return of the notice, the defendant Scipio appeared in person, and the city clerk by counsel.
Amongst other things, the evidence shows, that Scipio demanded when requested by complainants to withdraw his petition designating his candidacy and that of his sister as "Citizens' Ticket," the sum of $25,000; that Scipio was heretofore convicted of crime, and only recently entered the campaign inactively, except for the erection of a signboard, upon which appeared the selected designation of "People's Choice."
The statute applicable to the instant matter provides:
"Any candidate whose name is to be printed on the ballot may petition the municipal clerk to print opposite his name on the ballot, in not more than six words, a designation named by him in such petition, for the purpose of indicating either an official act or policy to which he is pledged or committed, but the designation shall not indicate political party affiliations. On the filing of such petition the clerk shall cause the designation to be printed opposite the name of such candidate upon the ballot. If several candidates for the same office shall petition that their names be grouped together and that the one designation named by them shall be printed opposite their names, the clerk shall group their names in a bracket, and opposite the bracket shall print the requested designation. Petitions requesting a designation or grouping or candidates shall be filed with the clerk at least twelve days before the election. If two candidates or groups select the same designation the clerk shall notify the candidate or group whose petition was last filed, and such candidate or group shall select a new designation." *Page 541 
 P.L. 1914 ch. 108 p. 172 § 4, as amended by P.L. 1917ch. 275 p. 900 § 4 (1924 Supp. § [**]136-70); P.L. 1933 ch. 121p. 254 § 1; 1911 Supp. ch. 221 p. 462; P.L. 1925 ch. 52 p. 165 §3.
When the legislature ordained that the municipal clerk "shall notify the candidate or group whose petition was last filed, and such candidate or group shall select a new designation," it undoubtedly intended to protect the voting public on election day against probable confusion in voting their choice for public office. It can be assumed with safety that the legislature did not have in mind a situation such as has here arisen, else it would have provided against the same.
In the instant matter, the complainants for weeks past presented their candidacy to the public by personal appearance and appeal and by various methods of advertising, under the designation of "Citizens' Ticket." The defendants must be held to have possessed knowledge of this fact, since aside from the proofs now offered to establish the same, it was such common knowledge that the court will take judicial notice thereof.
Moreover, it must be assumed that that portion of the legislative enactment, which provides the duty of the municipal clerk with respect to the filing of similar designations by candidates or groups, refers to a situation where such filing is done in good faith. Here it appears that the defendants did not file such designation in good faith and it can therefore not be said that they come either within the spirit, purpose or intendment of the act.
We are constrained to find the purpose of the defendants in now attempting to present their candidacy for city commissioner on the ballot on election day, under the designation of "Citizens' Ticket," to have been conceived in trickery and born of fraud. Defendants fraudulently seek to reap for themselves the benefit of the time and money expended by the complainants in bringing their campaign and the issues involved to the attention of the public and seek to deceive and confuse the voters.
Injunction will issue in accordance with prayer. *Page 542